IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RICHARD EARL PARKMAN, #R7102** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO.  3:05cv777TSL-JCS**

**GERALD GREER** **DEFENDANT**

OPINION AND ORDER

The plaintiff, an inmate of the Mississippi Department of Corrections,  filed this complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status.   On May 10, 2006, an order was entered directing the plaintiff to file a written response to provide the court with specific information, within twenty days.  The plaintiff was warned in this court's order of May 10,  2006, that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address may lead to the dismissal of his complaint.  Plaintiff failed to comply with this order.

 On June 19, 2006, the plaintiff was ordered to show cause, within fifteen days, why this case should not be dismissed for failure to comply with this court's May 10, 2006 order.  In addition, the plaintiff was directed to comply with the May 10, 2006 order by filing his written response, within fifteen days.  The plaintiff was warned in the show cause order, that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further written notice to the plaintiff.  Plaintiff failed to comply with this order.

The plaintiff has failed to comply with two court orders.  It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.  This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of

the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action <u>sua sponte</u>.  See <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. <u>Link</u>, <u>supra</u>, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will provide that dismissal is without prejudice.  <u>Shaw v. Estelle</u>, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the <u>14th</u> day of  August, 2006.


        /s/Tom S. Lee
    UNITED STATES DISTRICT JUDGE